SECOR BANK, FEDERAL SAVINGS BANK, Appellant/Creditor,

v.

Edward J. DUNLAP, Jr., and Kathy Hurrelbrink Dunlap, Appellee/Debtor.

Civ.A. No. 91–1395.

United States District Court, E.D. Louisiana.

July 22, 1991.

Robert L. Kuhner, Scoggin, Strong & Kuhner, New Orleans, La., for Secor Bank.

William G. Meiners, Baton Rouge, La., for Dunlap.

## MEMORANDUM OPINION

LIVAUDAIS, District Judge.

Plaintiff herein, SECOR Bank, Federal Savings Bank ("Secor"), has appealed the bankruptcy court's decision overruling the two objections it has filed to the confirmation of the Chapter 13 Plan of Reorganization filed by debtors, Edward J. Dunlap, Jr. and Kathy Hurrelbrink Dunlap ("the Dunlaps"). For the reasons stated below, the Court finds that the objections of the appellant were properly overruled and that the decision of the Bankruptcy Judge on both issues should be affirmed.

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. sec. 158(a).

The facts are essentially uncontested. On October 9, 1985, the Debtors Edward and Kathy Dunlap filed a petition for relief under United States Bankruptcy Code Chapter 7. The mortgage on their home located at 18 Cara Court, Mandeville, Louisiana was one of their scheduled debts. On January 6, 1986, the Debtors were discharged from personal liability on the home mortgage debt.

Secor now holds the mortgage on their home. The Dunlaps remained in their home and continued to pay their note, which the creditor allowed them to do.

On September 21, 1990, the Debtors filed the present bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. One of the scheduled debts is a sum for arrearages on the home mortgage debt which was discharged in conjunction with the Debtors' prior Chapter 7 proceeding. Secor objected to the confirmation of the Chapter 13 plan on two separate grounds. The bank argues that because the Dunlaps have no personal liability on the home mortgage debt since it was discharged in bankruptcy, the debt cannot be included in the Chapter 13 plan. The bank also contends that the proposed Plan violates its rights as a secured creditor as specified in 11 U.S.C. sec. 1322(b)(2).

The Bankruptcy Judge below considered these two objections and overruled them. Appellant Secor has filed this appeal of the Bankruptcy Court's decision.

The first issue, whether home mortgage payment arrearages may be included in a Chapter 13 plan when the debtors' personal liability has been discharged in a prior Chapter 7 proceeding, has been resolved by the United States Supreme Court. On June 10, 1991, in a unanimous decision squarely on point, the Supreme Court considered the issue "whether a debtor can include a mortgage lien in a Chapter 13 bankruptcy reorganization plan once the personal obligation secured by the mortgaged property has been discharged in a Chapter 7 proceeding" and held that "the mortgage lien in such a circumstances remains a 'claim' against the debtor that can be rescheduled under Chapter 13." *John-*

son v. Home State Bank, — U.S. —, 111 S.Ct. 2150, 2152, 115 L.Ed.2d 66 (1991). The decision below overruling the creditor's objection to such a scheduling was correct.

The second objection raised by the bank to the plan is that it improperly modifies its rights as a secured creditor under 11 U.S.C. sec. 1322. The statute in question provides in pertinent part:

> (b) ... the plan may—
>
> > (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims;

11 U.S.C. sec. 1322(b)(2). The court below found that the Debtor's plan, which proposes to pay Secor the full value of the collateral and to pay only a percentage of the unsecured portion of Secor's claim, does not violate the statute for two reasons.

■ The second reason offered by the bankruptcy judge, which this Court finds to be the better rationale, is that the bank's claim is "secured" only to the extent of the value of the property which is burdened with the mortgage and that any remaining debt is unsecured and may be modified. This comports with the definition of a "secured" claim offered by the Supreme Court in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989). While this precise question remains unanswered by the Fifth Circuit, other appellate courts have opined that 11 U.S.C. sec. 1322(b)(2) does not bar the bifurcation of a mortgage holder's debt into secured and unsecured debts, nor does it prevent the modification of any "unsecured" portion of an undersecured mortgage debt. *Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123, 128 (3d Cir. 1990); *In Re Houghland*, 886 F.2d 1182 (9th Cir.1989); *In Re Hart*, 923 F.2d 1410, 1415 (10th Cir.1991).

■ Another equally applicable, but perhaps more technical, basis upon which to find that modification of the undersecured portion of Secor's claim does not fall within the prohibition of sec. 1322 is the debt is not secured by only the residence *per se*, but also by "all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures" as well as in all funds escrowed for payment of taxes and insurance. As stated by the bankruptcy court in *In Re Reeves*, 65 B.R. 898, 900 (N.D.Ill.1986), "[i]f a claim is secured by any property other than 'real property that is the debtor's primary residence,' the claim may be modified by a Chapter 13 repayment plan, even though the debtor's residence may form a portion of the security." *Accord, In Re Jablonski*, 70 B.R. 381 (Bankr.E.D.Pa.1987); *Wilson*, 895 F.2d at 128. Inasmuch as the mortgage held by Secor does encumber the items enumerated above in addition to the real property which forms the Debtors' principal residence, sec. 1132(b)(2) does not prevent modification of the unsecured portion of the bank's claim.

Accordingly, detecting no error in fact or in law in the decision below for the above and foregoing reasons,

IT IS ORDERED that the decision of the bankruptcy court overruling the objections of the appellant, SECOR Bank, Federal Savings Bank, be and is hereby AFFIRMED.